```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

| | | |
|---|---|---|
| KAREN PARKER, | : | C-1-04-0635 |
| | : | CR-1-02-156-1 |
| Petitioner, | : | |
| | : | **UNITED STATES' RESPONSE TO** |
| | : | **PETITIONER'S MOTION UNDER** |
| v. | : | **28 U.S.C. § 2255** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | Senior J. Spiegel |

- - - - - - - - - - - - - - - - - - - - - -

Now comes the United States which requests the Court reject the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence. Based on an examination of the change of plea and the sentencing transcripts, we believe the Petitioner's Motion may be rejected without a hearing.[1]

**MEMORANDUM**

In her motion, the Petitioner, Karen Parker, asserts four grounds for relief. First, Parker maintains that she was denied the effective assistance of counsel, asserting first that her counsel (a) failed to arrange a conference with the Assistant United States Attorney so that she could cooperate with the government; (b) failed to argue her objections to the quantity of

---

[1] Petitioner filed a Motion for Transcript on September 14, 2004 (Doc. 85). That Motion has not been ruled upon by this Court. We have attached the case docket sheet and the transcripts for the Rule 44, Change of Plea, and Sentencing proceedings to our Response which we served on the Petitioner.

drugs at issue; (c) failed to object to the fact that this Court considered the methamphetamine a Schedule III controlled substance; (d) failed to request that an EPA representative conduct an independent examination of the residence; and (e) erroneously advised that the government had witnesses that could testify against her at trial.  Secondly, Parker asserts that her conviction was the result of a coerced confession and guilty plea.  Third, Parker asserts that the government failed to disclose to this Court that she was offered an opportunity to earn a motion for a reduction in her sentence.  Lastly, Parker argues that she was never told she had the right to appeal her sentence.  Each of Parker's grounds for relief are without merit.

**I.     Parker Was Not Denied The Effective Assistance Of Counsel.**

Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), an ineffective assistance of counsel claim has two primary components.  First, the claimant must show "cause" or that her counsel's performance was deficient to the point that she was not acting in accordance with the guarantees of the Sixth Amendment.  <u>Id.</u>  Second, the claimant must show that she was "prejudiced" by her counsel's deficient performance.  <u>Id.</u>  This means that the claimant must show that her counsel's errors were so serious as to deprive her of a fair trial with a reliable result.  <u>See</u> <u>id.</u> at 689.  The proper measure of the attorney's performance is "reasonableness" under prevailing norms of the legal profession.  <u>See</u> <u>id.</u> at 688.  Furthermore, when reviewing a claim of ineffective assistance of counsel, there is a presumption that

counsel's performance was reasonably within the wide range of professional assistance.  Id. at 689.

In this case, Parker pled guilty to conspiracy to possess with intent to distribute and to manufacture in excess of 5 grams of methamphetamine and maintaining a place for the purpose of manufacturing methamphetamine.  While a defendant who pleads guilty can claim that a defense attorney's prior representation was ineffective, United States v. Nagi, 90 F.3d 130, 135 (6th Cir. 1996), this claim must still undergo the two-pronged test of Strickland.  See Hill v. Lockhart, 474 U.S. 52 (1985).  Further, in cases where the defendant who has pled guilty claims ineffective assistance, the prejudice prong of the Strickland test is heightened in that the defendant must show that *but for* her counsel's egregious errors she would not have pled guilty and would have insisted on going to trial.  See Nagi, 90 F.3d at 135 (emphasis added); Thomas v. Fultz, 818 F.2d 476, 480 (6th Cir. 1987).

Reviewing the record and transcript in this case, Parker's Petition fails on its face to satisfy a claim of ineffective assistance of counsel under the Hill test.

Parker's claims that her counsel failed to arrange a conference with the Assistant United States Attorney so that she could cooperate with the government, failed to object to the fact that the Court considered the methamphetamine a Schedule III controlled substance, and failed to request that an EPA representative conduct an independent examination of the

residence, may be summarily rejected because Parker cannot show that *but for* the alleged errors she would not have pled guilty and insisted on going to trial.

While Parker asserts that her counsel failed to object to the quantity of methamphetamine at issue, the record contradicts this assertion. At her sentencing hearing on November 13, 2003, Parker's attorney, Paris Ellis, specifically objected to the amount of methamphetamine calculated in paragraph 32 of the United States Probation's PreSentence Report. (Sentencing Tr. at 4-7). Further, Ellis went on to indicate to this Court that he believed the amount of methamphetamine at issue was approximately 120 to 150 grams. (Sentencing Tr. at 5). Therefore, Parker's claim that Ellis failed to object to the amount of drugs in her case is without merit.

Next, Parker asserts that Ellis erroneously advised that the government had witnesses that could testify against her at trial. This claim is incredible because commonsense would dictate that Ellis would have informed Parker of the manner the government would more likely than not proceed with its case. Certainly, witnesses would be included in the trial.

**II. The Petitioner's Guilty Plea Was Not Coerced**.

Next, Parker asserts that her guilty plea was coerced. The records shows that this claim is specious. During the change of plea hearing, this Court asked Parker whether she understood that she was giving up certain rights if she pled guilty. Specifically, the Court stated:

4

> Now, do [] you understand that, by offering to plead guilty, you give up certain of your constitutional rights?  And these include the right to plead not guilty and to persist in such plea if it's already been made, the right to a trial by jury, the presumption of innocence, the right to confront and cross-examine witnesses against you, the right not to be compelled to incriminate yourself, and the right to require the United States to prove you guilty beyond a reasonable doubt.
>
> Now, do [] you understand, by offering to plead guilty, you give up each and every one of these rights? . . . .

(Doc. 50:  Change of Plea Tr. at 13).  Parker answered "yes."

(Doc. 50:  Change of Plea Tr. at 14).

The Court further stated:

> [Ms. Parker], has any person, including an officer or agent of the government, put any pressure on you, mental or physical, to force you to plead guilty?

(Doc. 50:  Change of Plea Tr. at 20).  Parker answered, "no, sir."  After hearing the averments of the facts of the case from Drug Enforcement Administration Special Agent Rex Smith, this Court inquired whether Parker was guilty of the charges.  Parker again answered in the affirmative.  (Doc. 50:  Change of Plea Tr. at 27).  Accordingly, the record shows Parker's plea was not coerced in any fashion and her third claim must fail.

**III. The Filing Of A Motion For The Reduction Of The Petitioner's Sentence Was In The Sole Discretion Of The U.S. Attorney And Petitioner Does Have A Right To Such A Filing.**

While Parker claims that the government failed to disclose to the Court that she was offered an opportunity to earn a motion for a reduction in her sentence, the record shows that the

5

government summarized her plea agreement to this Court on June 18, 2003. (Doc. 50: Change of Plea Tr. at 14-17). During its summarization, the government indicated that Parker could possibly earn a motion for a reduction in her sentence, but such a filing was in the sole discretion of the government. (Doc. 50: Change of Plea Tr. at 16). Parker indicated that she understood the plea agreement. (Doc. 50: Change of Plea Tr. at 17).

**IV. Parker's Claim That She Was Not Informed Of Her Right To Appeal Flies In The Face Of Even This Court's Sentencing Proceeding.**

Finally, Parker claims that she was not informed of her right to appeal her case is also without merit. During the sentencing proceeding, this Court informed Parker that she had the right to appeal her sentence. (Sentencing Tr. at 15-16). This Court further stated that "if you're unable to pay the costs of an appeal, you've got a right to appeal to this Court for leave to appeal because you're without funds." (Sentencing Tr. at 14-15). This Court went on to advise Parker that she could request the clerk of court prepare and file an appeal forthwith within 10 days. (Sentencing Tr. at 15). Parker indicated that she understood her appellate rights. (Sentencing Tr. at 16). Her claim that she was never told she could appeal is thus without merit and should be rejected.

## CONCLUSION

As stated in the above memorandum, the claims asserted by Parker in her § 2255 petition are without merit and should be rejected by this Court.

If this Court determined that Parker's claim of ineffective assistance of counsel has merit, the United States requests a hearing on the matter for disclosure of Parker's communication with her counsel regarding her plea.  See <u>United States ex rel. Richardson v. McMann</u>, 408 F.2d 48, 53 (1969), <u>vacated on other grounds</u>, 397 U.S. 759 (1970) (opining that "[o]f course the exploration of these considerations virtually compels disclosure of what occurred between defendant and his counsel.") Accordingly, Parker's allegations of what her counsel did and did not tell her waives her privilege against disclosure and her counsel is free to disclose whatever took place between he and his client.

>Respectfully submitted,
>
>GREGORY G. LOCKHART  
>United States Attorney
>
>s/Kenneth L. Parker  
>KENNETH L. PARKER (0068805)  
>Assistant United States Attorney  
>221 East Fourth Street, Suite 400  
>Cincinnati, Ohio  45202  
>(513) 684-3711  
>Fax:  (513) 684-2047  
>Kenneth.Parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "United States' Response To Petitioner's Motion Under 28 U.S.C. § 2255" was served this 15th day of December, 2004, on Karen Parker, Petitioner, Prisoner No. 03667-61, FMC Satellite Camp, P.O. Box 14525, Lexington, Kentucky 40512.

>s/Kenneth L. Parker  
>KENNETH L. PARKER (0068805)  
>Assistant United States Attorney