```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION


KAREN PARKER,                   :
                                :    NO. 1:04-CV-00635
        Petitioner,             :        1-02-CR-00156(1)
                                :
                                :    ORDER
   v.                           :
                                :
                                :
UNITED STATES OF AMERICA        :
                                :
        Respondent.             :
```

This matter is before the Court on the Petitioner, Karen Parker's (hereinafter "Parker"), Motion to Vacate, Set Aside, or Correct Sentence (doc. 82), Motion for Appointment of Counsel (doc. 84), Motion for Transcript (doc. 85), Motion for Extension of Time to Reply to Government's Response (doc. 104), and the United State's Response to Petitioner's Motion Under 28 U.S.C. § 2255 (doc. 101). The Court for the reasoning that follows, denies Parker's Motions to Vacate, Set Aside, or Correct Sentence (doc. 82), Motion for Appointment of Counsel (doc. 84), her Motion for Transcript (doc. 85), and her Motion for Extension of Time to Reply to Government's Response (doc. 104).

Parker, proceeding pro se, moves this Court to reduce, modify, or vacate her sentence (doc. 82). Parker advances the following grounds for relief (Id.). First, she argues that she was denied the effective assistance of counsel because her counsel: (1) failed to arrange a conference with the Assistant United States

Attorney so that she could cooperate with the government; (2) failed to argue her objections to the quantity of drugs at issue; (3) failed to object to the fact that this Court considered the methamphetamine a Schedule III controlled substance; (4) failed to request that an EPA representative conduct an independent examination of the residence; and (5) erroneously advised that the government had witnesses that could testify against her at trial (Id.). Second, she avers that her conviction was the result of a coerced confession and guilty plea (Id.). Third, Parker maintains that the government failed to disclose to this Court that she was offered an opportunity to earn a motion for a reduction in her sentence (Id.). Fourth, she asserts that she was never told she had the right to appeal her sentence (Id.). Lastly, Parker argues that her sentence was increased on the basis of facts bound by the sentencing court, in violation of Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531 (2004) (doc. 82).

An ineffective assistance of counsel claim is analyzed under the seminal United States Supreme Court Case, Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland a convicted defendant claiming ineffective assistance of counsel must show: (1) that counsel's performance was deficient . . . [through] errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment and (2) "that the deficient performance prejudiced the defense . . . [through] errors

so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland at 687. "The proper measure of attorney performance [is] . . . simply reasonableness under prevailing professional norms." Id. at 688. Furthermore, the inquiry into reasonableness of the counsel's assistance must consider all of the circumstances surrounding said assistance. Id. Strickland further states:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .

Id.

Parker pleaded guilty to conspiracy to possess with intent to distribute and to manufacture in excess of five grams of methamphetamine and for maintaining a place for the purpose of manufacturing methamphetamine (doc. 52). When a defendant who pleaded guilty claims ineffective assistance of counsel, the defendant must show that she would have insisted on going to trial and not have pleaded guilty but for her counsel's ineffective assistance. See e.g., United States v. Nagi, 90 F.3d 130, 135 (6th Cir. 1996); Thomas v. Fultz, 818 F.2d 476, 480 (6th Cir. 1987).

Parker asserts that her counsel failed to object to

the quantity of methamphetamine at issue (doc. 82).  However, the government notes that the record contradicts this assertion (doc. 101).  The government highlights that at Parker's sentencing hearing on November 13, 2003, Parker's counsel specifically objected to the amount of methamphetamine calculated in paragraph thirty-two of the United States Probation's Presentence Report (Id.).  Additionally, the government notes that Parker's counsel remarked to the Court that he believed the amount of methamphetamine at issue was approximately 120 to 150 grams, thus indicating that Parker's counsel indeed objected to the amount of drugs in Parker's case (Id.).

        Next, Parker asserts that her counsel erroneously advised that the government had witnesses that could testify against her at trial (doc. 82).  The government state this claim is "incredible" because commonsense would dictate that Parker's counsel would have informed her of the manner in which the government was likely to proceed against her, including the presence of witnesses (doc. 101).  Lastly, the government avers that Parker's claims that her counsel failed to arrange a conference with the Assistant United States Attorney so that she could cooperate with the government, failed to object to the fact that the Court considered the methamphetamine a Schedule III controlled substance, and failed to request that an EPA representative conduct an independent examination of the residence,

may be summarily rejected because she cannot show that *but for* the alleged errors she would have pleaded guilty and insisted on going to trial. The Court finds the government's arguments well-taken and, therefore, holds Parker's claim of ineffective assistance of counsel is without merit.

Parker also, as indicated above, asserts that her guilty plea was coerced (doc. 82). However, the Court notes that at her Change of Plea Hearing, Parker was specifically asked whether she understood that she was giving up certain rights if she pleaded guilty. Furthermore, the Court specifically asked Parker if "any person, including an officer or agent of the government, put any pressure on you, mental or physical, to force you to plead guilty?" Parker answered in the negative. Parker was also questioned, after having heard the facts of the case from the special agent involved in this case, whether she was in fact guilty? Parker answered affirmatively. As such, the record is clear that Parker's guilty plea was not coerced.

As to Parker's claim that the government failed to disclose to the Court that she was offered an opportunity to earn a motion for a reduction in her sentence, the government notes that the record shows that it summarized Parker's plea agreement to the Court on June 18, 2003 (doc. 50). During the summarization of the plea agreement, the government indicated that Parker could possibly earn a motion for a reduction in her sentence, but that a filing

for a reduction was in the sole discretion of the government (Id.). Parker indicated that she understood the plea agreement (Id.). Therefore, this claim is without merit.

Parker's claim that she was not informed of her right to appeal her case is also without merit.  As evidenced by the transcript of Parker's sentencing, the Court indeed indicated to Parker that she had a right to appeal her sentence. Furthermore, the transcript reflects that Parker was informed by the Court that she could request the clerk of court prepare and file an appeal forthwith.  Parker stated she understood her appellate rights.  Thus, this claim is also without merit.

Parker's Blakely claim is also without merit.  It is important to note that subsequent to the filing of Parker's motion the United State Supreme Court issued its opinion in United States v. Booker, __ U.S. __, 125 S.Ct. 738 (2005).  This opinion dealt specifically with the Federal Sentencing Guidelines and, as such, is the case upon which Parker's claim rightly rests, not Blakely. However, subsequent to the decision in Booker, the Sixth Circuit clarified the impact of Booker in the case of United States v. Humphress, __ F.3d __, 2005 WL 433191 (6th Cir., Feb. 25, 2005).

Parker claims that this Court erred in enhancing her guideline points by charging her with an amount of methamphetamine that was not submitted to a jury and proved beyond a reasonable doubt (doc. 82).  Booker held that "[a]ny fact (other than a prior

-6-

conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker at 756. As noted above, the Sixth Circuit has clarified the impact of Booker. In Humphress, the Sixth Circuit held that the rule in Booker "does not apply retroactively to cases already final on direct review . . ." Humphress at *1. Parker's case is already final on direct review, as Parker did not appeal her sentence within the permitted time frame. Accordingly, Parker's claim based upon Booker must fail.

Parker specifically requested counsel be appointed in lieu of the uncertainty surrounding Blakely stating, ". . . Petitioner is an inmate and does not have access to the latest interpretation of the Landmark Supreme Court Ruling on Blakely" (doc. 84). As the uncertainty surrounding Blakely and more aptly Booker has been succinctly erased by Humphress, the need for counsel is no longer present. It is clear that the rule in Booker is not available to assist Parker. Accordingly, Parker's Motion for the Appointment of Counsel as well as her Motion for Transcript are not well-taken.

Parker has also moved this Court for an Extension to Reply to the Government's Response (doc. 104). However, the Court notes that Parker did not reply to the government's response within the time allotted by the Federal Rules of Civil Procedure as well

as the local rules.  In light of the Court's foregoing analysis and ability to aptly rule on all of Parker's pending motions despite the benefit of her Reply, the Court will not grant her Motion for an Extension.

In conclusion, the Court hereby DENIES Parker's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (doc. 82), DENIES Parker's Motion for Appointment of Counsel (doc. 84), DENIES her Motion for Transcripts (doc. 85), as well as her Motion for Extension of Time (doc. 104).

SO ORDERED.


Dated: March 18, 2005          s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge